FRANKLIN M. BAIN, *Appellant*, v. CARRIE E. WATSON,
*Appellee.*

No. 16,258.

PAYMENTS ON A NOTE—*Indorsements.* The evidence held to sup-
port a finding that payments had been made upon a promissory
note other than those shown by the indorsements.

Appeal from Shawnee district court; ALSTON W.
DANA, judge. Opinion filed January 8, 1910. Modi-
fied.

*T. F. Garver,* and *R. D. Garver,* for the appellant.

*James A. Troutman,* and *Robert Stone,* for the ap-
pellee.

*Per Curiam:* The substantial question in this case is
one of fact. The court has read all the evidence and
finds itself impelled to the conclusion the jury reached.
It believes payments other than those indorsed on the
note were made, but, like the jury, is unable to specify
dates or amounts. Annual interest for every year from
1881 up to and including 1893 is accounted for. Ac-
cording to the letter of April 17, 1882, the maker of
the note was to have the money without interest for
three years after the payee's death. On this basis the
years 1894, 1895 and 1896 are accounted for. The pay-
ments indorsed in 1899 cover that and the two preced-
ing years. From that time on there is no difficulty in
applying the payments made to support the verdict, if
it be assumed that the interest back of 1881, whatever
the amount, had been satisfied. The court is not in-
clined to indulge presumptions from the language of
any of the receipts given, but under the peculiar cir-
cumstances of this case slight evidence of payment is
sufficient. The court finds such evidence in the rela-
tions of the parties, as disclosed in their correspondence
showing continuing fidelity to obligation on one side
and unshaken confidence, trust and affection on the

other, in their consistent treatment of the debt for such an extended period of years as if there were no arrearages, and in expressions of the payee indicating her satisfaction with the state of the loan and the annual payment to her of accruing interest. It is certain that any interest delinquent prior to 1881 was either paid or forgiven, and upon the whole record a finding of payment is sufficiently sustained.

.The defendant did not rest upon his tender but sought to defeat recovery altogether until he concluded to stop with the evidence introduced relating to payments. Therefore the plaintiff should have recovered costs. The judgment of the district court will be modified to this extent. The costs in this court are divided.